**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No. SA CV 11-00513 DOC (RNBx)                                     Date: September 27, 2011

Title: RGB SYSTEMS, INC. v. KRAMER ELECTRONICS, LTD, ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:                ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                                  NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER DENYING PLAINTIFF'S MOTION TO DISMISS OR STRIKE COUNTERCLAIMS AND AFFIRMATIVE DEFENSES

Before the Court is a Motion to Dismiss and/or Strike Defendants' Patent Unenforceability and Invalidity Counterclaims and Affirmative Defenses from the Amended Answer. (Doc. No. 13). After considering the moving, opposing and replying papers thereon, and for the reasons stated below, the Court hereby DENIES the Motion.

**I.      BACKGROUND**

Plaintiff RGB Systems, Inc. dba Extron Electronics ("RGB") owns U.S. Patent No. 7,163,405 for Connector Assembly Apparatus for Electronic Equipment and Method for Using Same. (Compl ¶ 1.) RGB alleges that Defendants manufacture, supply, and/or distribute electronic products including switchers that are covered by one or more claims in the '405 patent. (Id. ¶ 13.) RGB further alleges these electronic products infringe the '405 patent. (Id. ¶ 14.)

In response to RGB's complaint, Defendants Kramer Electronics, Ltd., Kramer Electronics USA, Inc., and Sierra Video Systems filed an answer, followed by an amended answer.[1] Defendants assert affirmative defenses of non-infringement, that the '405 patent is "invalid, void,

---

[1]The amended answer asserts that the Court does not have personal jurisdiction over Kramer Electronics, Ltd. a foreign corporation.

and/or unenforceable" due to abandonment during prosecution, failure to name the true inventor(s), obviousness, failure to disclose best mode, and under the public use and on-sale bars.  Based on the alleged trivial nature of the suit, Defendants argue that filing of the case was subjective bad faith, making this an exceptional case under 35 U.S.C. § 285.  In addition, Defendants bring a counterclaim for declaratory judgment of non-infringement, invalidity, and/or unenforceability.

## II.   LEGAL STANDARD

### A.   Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted.  Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957)).  In order for a complaint to survive a 12(b)(6) motion, it must state a claim for relief that is plausible on its face.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).  A claim for relief is facially plausible when the plaintiff pleads enough facts, taken as true, to allow a court to draw a reasonable inference that the defendant is liable for the alleged conduct. *Id.* at 1949. If the facts only allow a court to draw a reasonable inference that the defendant is possibly liable, then the complaint must be dismissed.  *Id.*  Mere legal conclusions are not to be accepted as true and do not establish a plausible claim for relief.  *Id.* at 1950.  Determining whether a complaint states a plausible claim for relief is a context-specific task requiring the Court to draw on its judicial experience and common sense.  *Id.*

In evaluating a 12(b)(6) motion, review is "limited to the contents of the complaint." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994).  However, exhibits attached to the complaint, as well as matters of public record, may be considered in determining whether dismissal was proper without converting the motion to one for summary judgment.  *See Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Further, a court may consider documents "on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).  "The Court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Id.*

Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment.  *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

      **B.**    **Motion to Strike**

Under Rule 12(f), a party may move to strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). The grounds for a motion to strike must appear on the face of the pleading under attack, or from matters which the Court may take judicial notice. *SEC v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995). The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993); *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Where a party moves to strike a prayer for damages on the basis that the damages sought are precluded as a matter of law, the request is more appropriately examined as a motion to dismiss. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974-75 (9th Cir. 2010) ("We therefore hold that Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law.").

## III.    DISCUSSION

      **A.**    **Sufficiency of Pleadings**

Plaintiff moves to dismiss or strike Defendants' counterclaim and associated affirmative defenses of patent unenforceability and patent invalidity. Plaintiff's motion presumes the counterclaim of unenforceability is based on inequitable conduct. Therefore, Plaintiff argues that such a counterclaim must be pleaded with heightened specificity, akin to the heightened standard under Rule 9(b). As to invalidity, Plaintiff argues that the counterclaim fails to set forth enough facts to demonstrate it is plausible on its face. For example, Defendants do not state the names of the alleged true inventors, nor do they identify any invalidating printed publications showing an offer for sale more than one year before Plaintiff filed its patent application.

In opposition, Defendants point out that allegations of unenforceability are not based on inequitable conduct, as is clear from the fact that references to inequitable conduct were removed from Defendants' amended answer. Moreover, the defenses and counterclaim identify five invalidating prior references: U.S. Patent Nos. 3,594,687; 4,231,629; 4,273,407; 5,730,621; and, 6,269,162. The defenses and counterclaim also list a variety of specific reasons the '405 patent is invalid (e.g., abandonment during prosecution, failure to name true inventors, obviousness, best mode).

In reply, Plaintiff argues that because Defendants confirm they will not pursue an inequitable conduct defense, any reference to unenforceability should be stricken. However, while allegations of inequitable conduct are absent, Defendants also argue that the patent is unenforceable due to patent misuse (Sixth Affirmative Defense). Patent misuse, like inequitable conduct, may also result in patent uneforceability. *See Princo Corp. v. Int'l Trade Com'n*, 616 F.3d 1318, 1328 (Fed. Cir. 2010). Plaintiff overlooks the possibility that Defendants may assert unenforceability outside of the

inequitable-conduct context. Accordingly, Plaintiff's motion to strike references to unenforceability is denied.

Defendants cite *Microsoft Corp. v. Phoenix Solutions, Inc.*, 741 F. Supp. 2d 1156 (C.D. Cal. 2010), for the proposition that invalidity counterclaims are not subject to "the heightened pleading stanards of *Twombly* and *Iqbal*." *Id.* at 1159. As Plaintiff correctly points out, the language quoted by Defendants from *Phoenix Solutions* is inapplicable because in that case, the court required detailed invalidity contentions after an invalidity counterclaim was asserted. In other words, it was unnecessary to provide factual allegations in the counterclaim, because all the information would be forthcoming in the contentions mandated by the court. The Court has not mandated similar contentions in this case. Accordingly, *Twombly* and *Iqbal* are applicable here, as they are to any claim or counterclaim. This does not change the basic requirement of Rule 8(a)(2), however, that all a party must do is provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In short, the counterclaim must put Plaintiff on fair notice of what the claim is, and upon what grounds it rests. *Twombly*, 550 U.S. at 555.

The Court finds that Defendants' counterclaim is sufficient to put Plaintiff on notice of the bases of the claim and the grounds for the claim. On information and belief, Defendants assert that the asserted claims of the '405 patent, when properly construed, are each invalid, void, and/or unenforceable due to a host of reasons, each spelled out in sufficient detail to put Plaintiff on notice of Defendants' claim. For example, the allegation that the inventor(s) abandoned the alleged invention during prosecution puts Plaintiff on notice that Defendants will rely on the contents of the file wrapper. Although Defendants' allegations of statutory bars (e.g., obviousness, on-sale bar) are brief, Defendants list five prior art references to put Plaintiff on fair notice of the basis for various components of the counterclaim. These short and plain statements satisfy Rule 8. *See Vistan Corp. v. Fadei USA, Inc.*, No. C–10–4862 JCS, 2011 WL 1544796, *8 (N.D. Cal. Apr. 25, 2011) ("Although the [counter]claims merely assert that the [patent] claims . . . are unenforceable and seek a declaration of invalidity (claim 1) and noninfringement (claim 2), they are sufficient to place Vistan on notice of the claims. This is particularly so in a case, such as this one, where the Plaintiff has not identified which patent claims are at issue in the case."). This conclusion applies with equal force to the affirmative defenses.

Where Plaintiff's complaint fails to provide any details regarding the patent claims or products at issue, the Court agrees with Defendants that it would be improper to hold the counterclaim to a different pleadings standard. *See id.* (where complaint did not identify claims infringed, general allegation of invalidity in counterclaim was sufficient); *Teirstein v. AGA Medical Corp.*, No. 6:08cv14, 2009 WL 704138, *5 (E.D. Tex. Mar. 16, 2009) (pleadings standards for infringement claim and invalidity counterclaim are identical; "The Federal Rules do not require Plaintiff to assert facts as to why the accused products allegedly infringe, nor to specifically list the accused products. Thus, to require Defendant to state facts as to why the '995 patent is invalid or to list invalidating prior art as Plaintiff suggests, would be to heighten the pleading standard for an invalidity counterclaim.").

Accordingly, the motion is denied.

### B. Sanctions for Violation of L.R. 7-3

Defendants argue that Plaintiff failed to comply with the meet and confer requirements of Local Rule 7-3, and if Plaintiff had so complied, its motion would have been unnecessary. Based on this conduct, Defendants seek reimbursement of the fees expended in responding to the motion.

Defendants do not support their allegations of Plaintiff's non-compliance with Local Rule 7-3 with any evidence or a sworn declaration. The arguments presented in support of Defendants' request for fees are insufficient for the Court to conclude that Plaintiff proceeded in bad faith. Defendants' request for sanctions under Local Rule 83-7 is denied.

## VI. DISPOSITION

For the reasons set forth above, the Court hereby DENIES Plaintiff's Motion.

The Clerk shall serve this minute order on all parties to the action.