# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RGB SYSTEMS, INC., <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>KRAMER ELECTRONICS, LTD.; KRAMER ELECTRONICS USA, INC.; SIERRA VIDEO SYSTEMS; and DOES 1-10, <br><br>　　　　Defendants. <br><br>And counterclaims | SACV 11-00513-DOC (RNBx) <br><br> [PROPOSED] <br> STIPULATED PROTECTIVE ORDER |

# STATEMENT OF GOOD CAUSE FOR ORDER FOR THE PROTECTION OF CONFIDENTIAL INFORMATION

This is a patent infringement action. Discovery and trial of this case will involve the exchange of highly sensitive information. Such information may include confidential business strategies, financial data, product design and manufacturing details, blueprints, customer lists, confidential research, development, or commercial information, and other information that is not available to the public. The parties are competitors and agree that the disclosure of such highly sensitive information to the public may be detrimental to their respective commercial interests. Therefore, in agreement with the principles laid out in *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, (9th Cir. 2003), the parties have agreed to this protective order.

WHEREAS, in connection with the above-captioned matter, certain information, documents and things containing trade secrets (as defined by California Civil Code § 3426.1), and other confidential business or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure, may be disclosed by the parties and/or nonparties voluntarily and/or in response to discovery demands;

WHEREAS, it would serve the interests of the parties to conduct discovery relating to this proceeding under a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS, the parties have agreed to be bound by the terms of this Stipulation and to present the same for entry as an Order of the Court;

**IT IS HEREBY STIPULATED TO AND ORDERED AS FOLLOWS:**

1.  This Protective Order shall apply to all information, documents, testimony and things designated CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY (collectively "Confidential Information") by the parties or nonparties as provided in this Order. As used herein, "Confidential Information"

1  means any information, documents, testimony and things so designated as more fully
2  described in paragraphs 3a and b below.

3       2.     All Confidential Information is provided solely for the purpose of this
4  litigation between the parties and may not be used for any other purposes.

5       3.     Each affidavit or portion thereof, each deposition transcript or portion
6  thereof, each interrogatory answer or portion thereof, each document or portion
7  thereof, each premise or thing or portion thereof, which is deemed by a party or by a
8  nonparty producing same that discloses Confidential Information will be so identified
9  and labeled CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEY'S EYES
10 ONLY as follows:

11       a.     A party or nonparty may designate material CONFIDENTIAL only if it,
12 in concurrence with its counsel and in good faith, deems that a reasonable basis exists
13 for limiting dissemination of the material under the standards of FRCP 26 and
14 contains confidential and/or proprietary commercial information that is not generally
15 available to the public.

16       b.     A party or nonparty may designate material HIGHLY CONFIDENTIAL
17 - ATTORNEY'S EYES ONLY if it, in concurrence with its counsel and in good faith,
18 deems that disclosure of such material to another person or party would be injurious to
19 the commercial interests of the designating entity under the standards of FRCP 26 and
20 contains highly propriety technical or trade secret or business information so that the
21 risk of improper use or disclosure to another party outweighs the right of that party to
22 review such information.

23       c.     In the case of information voluntarily disclosed in these proceedings or
24 disclosed as a result of discovery, the producing party or nonparty may identify and
25 mark Confidential Information at the time when an affidavit, pleading or memoranda
26 is served, when the answer to the interrogatory or request for admission is served,
27 when a copy of a document is provided or at the time of the inspection of the premises
28 or thing.

    d.    In the case of a depositions and deposition transcripts, the designating party or nonparty shall advise opposing counsel and the Court Reporter of the specific pages and exhibits to be maintained as Confidential Information at the deposition or within thirty (30) days after receipt of the transcript. The Court Reporter shall conform all materials in his or her possession to reflect such confidentiality designation and bind (or re-bind if necessary) separately those portions of the testimony and/or exhibits designated as Confidential Information and shall mark the face of the separately bound transcript containing such confidential testimony and/or exhibits CONFIDENTIAL PURSUANT TO COURT ORDER or HIGHLY CONFIDENTIAL PURSUANT TO COURT ORDER - ATTORNEY'S EYES ONLY, as appropriate. Until the expiration of the 30 day period, the entire transcript shall be deemed confidential absent an agreement by the parties on the record.

    4.    Inadvertent failure to designate Confidential Information as such prior to disclosure, production, or response, will not prevent a subsequent confidentiality designation by letter promptly sent after discovery of such inadvertent failure, provided that any disclosure made by the receiving party prior to receipt of the letter shall not be a violation of this Order, nor shall the receiving party incur liability for use or disclosure of the information prior to the receipt of such letter.

    5.    Unless and until the Court rules that any material so identified as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY is not, in fact, worthy of treatment as such and should be disclosed beyond the limits permitted by this Order, access, copying or dissemination of Confidential Information, shall be limited to:

    a.    Outside litigation Counsel of Record and their partners, associates, and their full-time employees (including full-time stenographic, clerical and paralegal employees), and outside copy services and part-time attorneys whose functions require access to such Confidential Information and who agree to be bound by the terms of this Order;

  b. Independent experts or consultants for a party, and their full-time clerical employees who are not employees of, or related in any way to, the parties or their affiliates, and whose advice, consultation and/or testimony are being or will be used by the parties in connection with preparation for trial of this action and/or any motions or appeals connected with the action provided, however, that at least ten (10) days prior to the disclosure of Confidential Information under this paragraph: (1) such persons are identified in writing to each party[1] in the action; (2) the resume of the expert or consultant is provided to each party in the action; (3) the expert or consultant executes Exhibit A; and (4) a copy of Exhibit A is provided to each party in the action. If any party objects to the disclosure of such information to said expert or consultant, that party must serve a written objection within 10 days after receipt of all of the information set forth herein and no disclosure of Confidential Information shall occur until all objections are resolved by the parties or by court order, including any appeal of such order.

  c. Persons appearing for deposition provided that such persons: (1) authored or received such Confidential Information; (2) are established as being knowledgeable of the contents of such Confidential Information prior to the time of his or her testimony; or (3) is a current employee of the party (or non-party) that produced the Confidential Information (subject to the right of the producing party to object and move for a protective order prior to the deponent being given access to such Confidential Information).

  d. The Court and its officers (including court reporters);

  e. One designated person from each of the parties to this action who is identified to the opposing party at least 10 days prior to disclosure of any Confidential Information, except for information designated by the producing party HIGHLY

---

[1] If a nonparties' Confidential Information is involved, that nonparty shall also be notified and all of the provisions of this paragraph that apply to parties shall apply to nonparties as well.

CONFIDENTIAL-ATTORNEY'S EYES ONLY; and

  f. Any other person that the parties hereto agree to in writing.

  6. In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential" or "Highly Confidential – Attorney's Eyes Only," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed.  For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

  7. This Protective Order shall not foreclose any of the parties from moving this Court for an order that designated materials are not within the scope of protection afforded by FRCP Rule 26 or that Confidential Information designated as HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY should be reclassified as CONFIDENTIAL.  The party designating the material shall have the burden of proving that the designation is proper.  Any such motion shall be governed by the procedure set forth in Local Rules 37-1 and 37-2, including the Joint Stipulation requirement.

  8. This Protective Order shall not prevent any of the parties or nonparty witnesses from moving the Court for relief herefrom or for further or additional protective orders, or from agreeing between themselves to modification of this Protective Order, subject to the approval of the Court.  Any such motion shall be governed by the procedure set forth in Local Rules 37-1 and 37-2, including the Joint Stipulation requirement.

  9. In the event that a party desires to provide access to Confidential Information hereunder to any person or category of persons not included in paragraph 5 hereof or under terms and conditions other than as the parties have agreed pursuant to paragraph 5 hereof, the party desiring to provide access shall move this Court for an

order that such person or category of persons may be given access to the Confidential Information under such terms and conditions as the party shall designate in its motion papers.  Any such motion shall be governed by the procedure set forth in Local Rules 37-1 and 37-2, including the Joint Stipulation requirement.  In the event that the motion is granted, such person or category of persons may have access to the Confidential Information provided that such person or persons have first agreed in writing to be bound by the terms of this Protective Order and have signed a copy of Exhibit "A" hereto.

   10. Within ninety (90) days after final termination of this case, receiving counsel shall return all copies and samples of Confidential Information in its possession, custody or control to counsel for the party who has provided them or certify destruction thereof, except, however, counsel may retain one copy of any pleading, interrogatory response, deposition transcript, or other document containing such Confidential Information, subject to paragraph 14 below.

   11. No copy of any deposition transcript or any portion thereof designated as Confidential Information shall be prepared or furnished by the reporter to any person other than to the outside counsel of record for the parties. Neither the original nor any copy of any transcript of any deposition taken in this action shall be filed in Court until the time period has elapsed for the designation of portions of the transcript as Confidential Information, unless the transcript and all papers referencing the transcript are filed under seal.  If given a confidentiality classification, the confidential portion of the transcript shall be retained by said counsel and, when used in this action, filed under seal in accordance with paragraph 6 above unless otherwise agreed upon by the parties.

   12. In the event that a party or nonparty witness to which Confidential Information has been disclosed receives a discovery request, subpoena, order or other form of compulsory process requiring that it (the "subpoenaed party") produce information, documents, things or other materials that have been designated as

1  Confidential Information, the subpoenaed party shall promptly notify the designating
2  party of the demand. If the designating party elects to resist production of the
3  materials, it shall promptly so notify the subpoenaed party and the latter shall
4  cooperate in affording the designating party the opportunity to oppose or limit
5  production of the materials.  However, nothing in this Protective Order is intended or
6  should be construed as authorizing a party to disobey a lawful subpoena issued in
7  another action.

       13.    This Protective Order shall survive the final determination of this action and shall remain in full force and effect after the conclusion of all of the proceedings herein in order to provide the Court with ancillary jurisdiction to enforce its terms and to ensure compliance herewith.

       14.    Nonparties may produce information and documents that will be governed by the terms of this Order by agreeing in writing to be bound by the terms of this Order and following the procedure for designating Confidential Information described elsewhere in this Order.

[continued on the next page]

15. This Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its own Confidential Information for any purpose. Also, nothing contained herein shall impose any restrictions on the use or disclosure by the Receiving Party of information that: (a) was already known to such party by lawful means prior to its disclosure by the Designating Party in this action; (b) is or becomes publicly known through no fault of the Receiving Party; or (c) is rightfully received by the Receiving Party from a third party which has authority to provide such information and who is without restriction on the use or disclosure of such information.

**IT IS SO ORDERED:**

DATED: <u>October 20, 2011</u>

_____
Honorable Robert N. Block
United States Magistrate Judge

# EXHIBIT A

UNDERTAKING OF _____:

I, _____, state that:

1. My address is _____.
2. My present employer is _____.
3. My present occupation or job description is _____.
4. My past and present business relationships with the party retaining my services are: _____.
5. A copy of my curriculum vitae is attached hereto.
6. I have received a copy of the Protective Order in this action signed by the United States District Judge.
7. I have read and understand all of the provisions of the Protective Order.
8. I will hold in confidence and will not disclose to anyone not qualified under the Protective Order or use any materials designated **CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY** which are disclosed to me except as permitted by that Order.
9. Having read the Protective Order, I will comply with all its provisions, including those not explicitly set out in this signed undertaking.
10. I agree to return all **CONFIDENTIAL and HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY** materials which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained. I will do this immediately upon receiving a request from the counsel for the party for whom I was employed or retained or, in any event, by no later than thirty days after litigation between the parties has ended.
11. I hereby submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcement of this Protective Order.

DATED: _____                    _____
                                    (Signature)

10