**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

O

Case No. SA CV 11-0513 DOC (RNBx)           Date: January 17, 2012
Title: RGB SYSTEMS, INC. v. KRAMER ELECTRONICS, LTD, ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT           NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

      Before the Court is a Motion for Leave to File a First Amended Complaint to Add Additional Parties (Dkt. 31). The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. After considering the moving, opposing and replying papers thereon, and for the reasons stated below, the Court hereby GRANTS the Motion. The Court OVERRULES Defendants' evidentiary objections to the Declaration of Jim Slominsky (Dkt. 43).

    **I.    BACKGROUND**

      Plaintiff RGB Systems, Inc. dba Extron Electronics ("RGB") owns U.S. Patent No. 7,163,405 for Connector Assembly Apparatus for Electronic Equipment and Method for Using Same. (Compl ¶ 1.) RGB alleges that Defendants manufacture, supply, and/or distribute electronic products including switchers that are covered by one or more claims in the '405 patent. (*Id.* ¶ 13.) RGB further alleges these electronic products infringe the '405 patent. (*Id.* ¶ 14.)

      In response to RGB's complaint, Defendants Kramer Electronics, Ltd., Kramer Electronics USA, Inc., and Sierra Video Systems filed an answer, followed by an amended answer.[1] Defendants assert affirmative defenses of non-infringement, that the '405 patent is "invalid, void, and/or unenforceable" due to abandonment during prosecution, failure to name the true inventor(s),

---

[1] The amended answer asserts that the Court does not have personal jurisdiction over Kramer Electronics, Ltd. a foreign corporation.

obviousness, failure to disclose best mode, and under the public use and on-sale bars. Based on the alleged trivial nature of the suit, Defendants argue that filing of the case was subjective bad faith, making this an exceptional case under 35 U.S.C. § 285. In addition, Defendants bring a counterclaim for declaratory judgment of non-infringement, invalidity, and/or unenforceability.

Plaintiff now seeks leave to file a First Amended Complaint ("FAC") to add additional parties Procurement and Government Sales, Inc. ("PGS") and Audio-Video Supply, Inc. ("AVS"), arguing that these distributors sell infringing products manufactured and/or sold to them by Defendants.

## II. LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides that "leave [to amend pleadings] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "Although leave to amend is liberally granted under Rule15(a), undue delay, bad faith in seeking amendment, or undue prejudice to the party opposing amendment are grounds for denying leave to amend." *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986). In addition, the futility of amendment and the previous granting of leave to amend may be considered by the Court in deciding whether to allow further amendments. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Courts have held that "'[t]he single most important factor is whether prejudice will result to the nonmovant.'" *Genentech, Inc. v. Abbot Labs.*, 127 F.R.D. 529, 530 (N.D. Cal. 1989) (quoting *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986)); *see also In re Circuit Breaker Litig.*, 175 F.R.D. 547, 551 (C.D. Cal. 1997) ("[T]he resulting prejudice to the opposing party is by far the most important and most common reason for upholding a district court's decision to deny leave to amend. The opposing party has the burden of demonstrating prejudice.").

## III. DISCUSSION

Plaintiff seeks leave to amend to add two distributors of Defendants, AVS and PGS, arguing that they sell infringing articles manufactured and/or sold by Defendants, which include Defendants' Alta Pro switchers, offered for sale for over $3,000 each. (Mot. at 2.) Although Defendants indicated in discovery responses that they have not sold any infringing products since the complaint was filed, Plaintiff argues that infringing products are *currently* available for sale on PGS's and AVS's websites. (*Id.; see also* Weyer Decl. ¶¶ 3, 7, Exs. 2, 5; Reply, Exs. 1-2.) Plaintiff argues that the motion is timely, thus no undue delay is present, because it was filed on December 16, 2011 and the last day to file a motion to amend or add a party was set by the Court as December 17, 2011. (Mot. at 3.) Plaintiff also argues that there is no prejudice to Defendants because the case is in the early stages of discovery, Defendants have not produced a privilege log, and no depositions have been set or noticed. (*Id.*)

Defendants oppose on the grounds that Plaintiff does not have standing to assert patent infringement because there is no compensable injury. (Opp'n at 1.) Specifically, Defendants argue that Plaintiff may obtain pre-suit damages only if Defendants were placed on actual notice of infringement

before the suit was filed, or there is proof of substantial compliance with the patent marking requirements. (*Id.* at 1-2, citing 35 U.S.C. § 287(a).) Defendants maintain that Plaintiff did not provide pre-suit notice, nor comply with the marking requirements. (*Id.* at 2.) Defendants further argue that only one Alta Pro product is accused of infringing (the switcher with the five BNC connector assembly similar to that disclosed in the '405 patent), and neither PGS nor AVS have ever sold a single Alta Pro product. (*Id.* at 3.)

The Court rejects Defendants' standing argument. Defendants' conclusion that Plaintiff does not have standing is based on Defendants' view of whether Plaintiff adequately marked its products, and which of Defendants' products potentially infringe. At this stage, the Court looks to Plaintiff's allegations as set forth in the complaint, not Defendants' assessment of the merits of the underlying claims or quantum of damages. *See SAES Getters S.p.A v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) (legal sufficiency of proposed amendment is analyzed under Rule 12(b)(6) standard where the plaintiff's allegations are taken as true). Plaintiff has provided Defendants with evidence it believes supports its marking contention, which, if true, could support a claim for pre-suit damages. (*See* Reply at 5-6; Slominski Decl. ¶ 4.) Plaintiff's patent infringement claim is also based on the contention that more additional products, besides Defendants' five BNC connector assembly Alta Pro switch, infringe. Specifically, Plaintiff believes the "alternate design," as Defendants call it, also infringes.

Turning to the Rule 15 analysis, the Court finds no undue delay. Plaintiff discovered the alleged infringement by Defendants' distributors during discovery and Plaintiff's motion to add parties was filed before the deadline set by the Court's Scheduling Order.

Defendants argue that adding the distributors as parties would be futile because there is no evidence either proposed party has ever sold any Alta Pro products. (Opp'n at 6.) Plaintiff has provided copies of the distributors' websites depicting alleged infringing products for sale. At this stage, this is sufficient. The declarations submitted by Defendants seek to explore the merits of the underlying claim, which the Court will not do on a motion for leave to amend.

Defendants argue that they would be prejudiced if leave to add the distributors as parties is granted because they will be forced into a conflict with two of their customers who have never sold an infringing product. This argument again turns on the merits of Plaintiff's patent infringement claim, namely, what products infringe and who, if anyone, has sold or offered those products for sale? That Defendants' distributors may be unhappy about being added to this case is not a sufficient basis for the Court to conclude that Defendants would be unduly prejudiced by the amendment. "'Undue prejudice' means substantial prejudice or substantial negative effect; the Ninth Circuit has found such substantial prejudice where the claims sought to be added 'would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense.'" *SAES Getters*, 219 F. Supp. 2d at 1086 (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). The Court finds that no such "substantial negative effect" will result from allowing the proposed amendment.

Defendants also contend that Plaintiff's motion was brought in bad faith because Plaintiff has only inspected one allegedly infringing product and Plaintiff has not identified the source of the product. (Opp'n at 8.) Plaintiff argues that it has a claim against the distributors based on an offer to sell infringing Alta Pro products, as depicted on their respective websites. (Reply at 4.) Plaintiff maintains that because *all* Alta Pro products infringe, no further inquiry into which connector design is used in these products is needed. (*Id.*) In light of Plaintiff's allegations, the Court cannot conclude that Plaintiff's motion was filed in bad faith.

In conclusion, the Court finds that Plaintiff's proposed amendment is not sought after undue delay or in bad faith, and it will not prejudice Defendants. In the absence of these factors, leave to amend should be freely given. Fed. R. Civ. P. 15(a). Thus, the Court grants Plaintiff's motion.

## VI.   DISPOSITION

For the reasons set forth above, the Court hereby GRANTS Plaintiff's Motion. Plaintiff is ordered to manually file the FAC, attached to the Weyer Declaration as Exhibit 1, as a separate docket entry for ease of future reference by the parties and the Court no later than January 30, 2012.

The Clerk shall serve this minute order on all parties to the action.